UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

JAMES W. SWAYNE,

            Plaintiff,

v.

MOUNT JOY WIRE CORPORATION

            Defendant.

Civil Action No. 10-3969

Jury Trial Demanded

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR SANCTIONS
PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

COMES NOW, Defendant Mount Joy Wire Corporation (hereinafter "Defendant"), by

counsel, and, for the reasons set forth in the accompanying brief, requests that this Honorable

Court to enter an Order imposing sanctions under Federal Rule of Civil Procedure 11 upon

Plaintiff James W. Swayne (hereinafter "Plaintiff") and Plaintiff's counsel, the law firm of

Renteria & Goldstein.

**I.**     **PROCEDURAL BACKGROUND**

On or about July 7, 2010, Plaintiff commenced the above-captioned matter by filing a

Complaint against Defendant in the Court of Common Pleas for Lancaster County, Pennsylvania.

*See* Case 5:10-cv-03969 Document No. 1., Exhibit A.  By letter dated August 3, 2010, Defendant

advised Plaintiff, through his counsel, that his Complaint was fatally flawed and should be

withdrawn because the claims being advanced by Plaintiff were barred by the statute of

limitations and the doctrine of collateral estoppel and/or were preempted by federal law.  *See*

Exhibit A.  In that letter, Defendant also provided Plaintiff the opportunity to voluntarily dismiss

the Complaint, but warned that if Plaintiff failed to do so, Defendant would remove the action to federal court and seek Rule 11 sanctions against both Plaintiff himself and counsel. *Id.* After receiving no response whatsoever to its letter, on August 10, 2010, Defendant timely filed a Notice of Removal with this Honorable Court. *See* Document No. 1. Subsequently, on August 17, 2010, Defendant filed a Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Document Nos. 4 and 5. On August 24, 2010, Defendant served Plaintiff's Counsel with a copy of the instant motion.

## II.   RULE 11 STANDARD

Federal Rule of Civil Procedure 11(b) provides as follows:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1)    it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> >
> > (2)    the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> >
> > (3)    the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . .

Moreover, Federal Rule of Civil Procedure 11(c) authorizes the Court, subject to the conditions stated in the Rule, to impose an appropriate sanction upon the attorneys, law firms, or parties that have either violated Fed. R. Civ. P. 11(b) or are responsible for the violation if the Court determines that Fed. R. Civ. P. 11(b) has been violated. *See* Fed.R.Civ.Pro. 11(c).

III.     **RELIEF REQUESTED**

Defendant requests that this Court enter an Order awarding sanctions against Plaintiff and Plaintiff's counsel for filing the Complaint on the basis that: (1) Plaintiff's Complaint has been presented for an improper purpose; and (2) the claims, defenses, and other legal contentions in Plaintiff's Complaint are not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.  Specifically, Plaintiff's counsel signed and filed the Complaint, and Plaintiff verified the facts contained in the Complaint, although the relief requested clearly is not warranted by existing law.  Further, Plaintiff and Plaintiff's counsel knew, or should have known, at the time Plaintiff's counsel signed the Complaint that the relief requested was not warranted by existing law.

IV.     **BASIS FOR RELIEF REQUESTED**

It is clear that the central purpose of Rule 11 is to deter baseless filings, streamline litigation, and curb abuses of the judicial system.  *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393-394 (1990).  As the rule sets forth, the standard for testing an attorney's conduct is that of what was reasonable under the circumstances, which is defined as an "objective knowledge or belief at the time of the filing that the claim was well-grounded in law and fact." *Ford Motor Co. v. Summit Motor Products, Inc.*, 930 F .2d 277, 289 (3d Cir. 1991).  To comply with this standard, an attorney is required to conduct a reasonable investigation of the facts and a normally competent level of legal research to support the contentions contained in the pleading. *See Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994); *see also Cooter & Gell v. Hartmax Corp., supra.* (Rule 11 imposes duty on attorneys to certify that a reasonable inquiry was made and that papers are legally tenable).

When assessing an attorney's compliance with the rule, the court should consider: "(1) the amount of time available to the signer for conducting a relevant factual and legal

investigation; (2) the necessity for reliance on a client for underlying factual information; (3) whether the case was referred to the signer by another member of the bar; and (4) the plausibility of the legal position advanced." *Pensiero v. Lingle*, 847 F.2d 90, 95 (3d Cir. 1994). The definitive Rule 11 inquiry is "whether at the time he filed the complaint, counsel ... could reasonably have argued in support of his legal theory." *Pensiero*, 847 F.2d at 96 (*citing Teamsters Local Union*, 841 F.2d 66, 70 (3d Cir. 1988).

Pursuant to the standard set forth above, Plaintiff and his counsel were required before the Complaint was filed to investigate the propriety of the relief sought under the law. By definition, this investigation required that Plaintiff and his counsel to determine that there was both legal and factual merit to the relief requested in the Complaint. As more fully set forth in the Motion to Dismiss, and as discussed below, the legal contentions asserted in Plaintiff's Complaint are neither warranted by existing law, nor do they assert a "nonfrivolous argument" for the extension, modification, or reversal of existing law or the establishment of new law. Rather, the Complaint asserts causes of action barred by the applicable statute of limitations or not authorized pursuant to controlling case law authority.

A.      Plaintiff's Defamation Claim is Barred by the Applicable Statute of Limitations.

In the Complaint, Plaintiff alleges that he was defamed by Defendant's publication of a September 2007 suspension letter ("the Suspension Letter"). Notably, this is Plaintiff's sole basis for his claim of defamation. Moreover, Plaintiff readily admits that the Suspension Letter was issued to him on or about September 7, 2007. *See* Complaint, ¶17.

In Pennsylvania, the statute of limitations for a cause of action for defamation is one (1) year. *See* 42 Pa.C.S.A. § 5523(1). Moreover, under Pennsylvania law, the limitations period on a claim for slander or libel runs from date of publication. *See Oldroyd v. Associates Consumer Discount Company/PA*, 863 F.Supp. 237 (E.D.Pa. 1994); *Lin v. Rohm and Haas Co.*, 293

F.Supp.2d 505 (E.D.Pa. 2003), *on reconsideration*, 301 F.Supp.2d 403 (E.D.Pa. 2004) (under Pennsylvania law, statute of limitations on employee's claims that employer defamed her in internal publication and e-mails began to run when employee became aware of alleged defamatory remarks).

Based on the above, it is clear that the statute of limitations on any claim by Plaintiff for defamation started to run on the date of publication, i.e. September 7, 2007 and thus, expired on September 8, 2008. As such, Plaintiff's defamation cause of action was filed nearly two (2) years too late. Even the most elementary and cursory search of the Pennsylvania Consolidated Statutes and applicable case law would reveal this fact. Clearly though, Plaintiff and his counsel completely failed to investigate the propriety of relief under this cause of action, even after being advised of the existence of a statute of limitations issue by Defendant's August 3, 2010 letter, and thus, can present no reasonable argument in support of this legal theory. *See Pensiero v. Lingle, supra.*; *see also Chamberlain Manufacturing Co. v. Local Lodge No. 847*, 474 F.Supp.2d 682 (M.D.Pa. 2007) (*citing Mitchell Plastics, Inc. v. Glass, Molders, Pottery, Plastics and Allied Workers Int'l Union*, 946 F.Supp. 401 (W.D.Pa. 1996) (attorney's fees appropriate because plaintiff simply prolonging a process which reasonable investigation of law would have revealed was at its end)); *see also Zuk v. Eastern Pa. Psychiatric Inst.*, 103 F.2d 294 (3d Cir. 1996) (failure to adequately research statute of limitations issue warranted sanctions). Accordingly, pursuant to the Rule 11 standard set forth above, Defendant respectfully requests that this Honorable Court enter an order imposing sanctions upon both Plaintiff and his counsel.

   B.   Plaintiff's Defamation Claim is Preempted by Federal Law.

As noted above, the sole basis for Plaintiff's defamation claim is the Suspension Letter. *See* Complaint, ¶17. It is undisputed that the Suspension Letter that was issued to Plaintiff was the result of both Defendant's and the Police's investigation of the Lime Bomb Incident. It is

further undisputed that the Suspension Letter was issued as part of the disciplinary process as set forth in the CBA, which governs the relationship between the parties to this matter. Accordingly, since the allegedly defamatory statements in the Suspension Letter were made during the course of Defendant's grievance procedure, Plaintiff's defamation claim is preempted by the Labor Management Relations Act ("LMRA").

Again, even a cursory review of the applicable case law would have revealed that a cause of action for defamation in this context is preempted by federal law.  Notably, courts in Pennsylvania and across the country have routinely and repeatedly held that defamation claims predicated upon allegedly false statements made during the course of a grievance procedure are preempted.  *See e.g. Furillo v. Dana Corp. Parish Div.*, 866 F.Supp. 842 (E.D.Pa. 1994) (defendant's motion for summary judgment granted where defamation claim predicated upon allegedly false statements made during course of grievance procedure); *Peek v. Philadelphia Coca-Cola Bottling Co.*, 1997 WL 399379 (E.D.Pa. 1997) (defendant's motion to dismiss granted where slander claims arose during grievance investigation).  Additionally, in its letter of August 3, 2010, Defendant specifically referenced the fact that several of Plaintiff's claims were preempted by federal law and afforded Plaintiff the opportunity to dismiss the Complaint prior to seeking sanctions.  *See* Exhibit A.  Plaintiff and his counsel failed to respond to Defendant's letter and failed to withdraw the Complaint.  Accordingly, as a result of Plaintiff's counsel's failure to conduct even a modicum of legal research in this matter which would have revealed that Plaintiff's defamation claim was preempted by federal law, Defendant believes that the imposition of sanctions against Plaintiff and his counsel in this matter is appropriate.  *See Terminix v. Kay*, 150 F.R.D. 532 (E.D.Pa. 1993) (counsel's ignorance of controlling authority not reasonable and sanctions warranted).

C.     Plaintiff's Abuse of Process Claim is Barred by the Applicable Statute of
       Limitations.

In Count II of his Complaint, Plaintiff alleges a cause of action for "Misuse of Legal

Procedure."  As an initial matter, Pennsylvania does not even recognize such a cause of action.

Through Count II, it is believed that Plaintiff is attempting to assert a claim for "abuse of

process."  An abuse of process claim is grounded in state law, and in Pennsylvania, the statute of

limitations for such a claim is two (2) years.  *See*  42 Pa.C.S.A. § 5524(1).

In the instant case, Plaintiff's allegations in Count II of the Complaint center around

Defendant's alleged purposeful manipulation of the police investigation of the Lime Bomb

Incident.  *See* Complaint at ¶45.  By Plaintiff's own admission though, the police investigation of

the Lime Bomb Incident covered the period of time from on or about April 17, 2007 through

June 18, 2007, and resulted in criminal charges being filed against Plaintiff on or about July 5,

2007.  *See* Complaint at ¶¶ 9-10, 13.  However, Plaintiff's Complaint in this matter was not filed

until July 7, 2010.  *See* Document No. 1, Exhibit A.  Accordingly, any claim by Plaintiff for

abuse of process was filed over a year late and is thus, barred by the statute of limitations.

Similar to Plaintiff's defamation claim, even the most basic research into Pennsylvania

law would reveal not only that no claim for "misuse of legal procedure" exists in this

Commonwealth, but also that the statute of limitations on a claim for abuse of process is two (2)

years.  *See Zuk v. Eastern Pa. Psychiatric Inst*, *supra*.  Plaintiff and his counsel again clearly

failed to conduct any investigation whatsoever into the propriety of this cause of action, and can

present no reasonable argument in support of this legal theory.  Accordingly, as a result of

Plaintiff's counsel's utter failure to conduct any legal research or investigation into this claim

prior to filing the Complaint or after receiving Defendant's letter setting forth the deficiencies in

the Complaint, Defendant requests that this Honorable Court order that sanctions be levied against Plaintiff and his counsel.

> D.   Plaintiff's Breach of Contract Claim is Preempted by Federal Law.

In Count III of the Complaint, Plaintiff alleges that Defendant, *inter alia*, "failed to adhere to its contract with [Plaintiff]," and otherwise violated the Collective Bargaining Agreement ("CBA"). *See* Complaint, ¶¶51, 52, 53, 54, 58, 59 and 61. It is undisputed that Plaintiff's cause of action for breach of contract in this matter is based upon interpretation of the CBA. Indeed, Plaintiff could not make that point more evident by his proclamation in the Complaint that "[Defendant] wrongfully terminated [Plaintiff] without reasonable cause and in violation of the collective bargaining agreement because it did not follow the policies and procedures outlined therein." *Id*. at ¶61.

As set forth more fully in Defendant's Motion to Dismiss, under Section 301 of the LMRA, state law claims are preempted "when resolution of that claim is substantially dependent upon an analysis or the meaning of terms of a labor agreement governed by section 301, or is inextricably intertwined with the consideration of the terms of the agreement." *Phillips v. Selig*, 157 F.Supp.2d 419, 424 (E.D.Pa. 2001). Moreover, when a state law claim is <u>actually</u> a claim for a violation of a collective bargaining agreement, it <u>is</u> preempted by federal labor law.

As set forth above, Plaintiff himself admits that his claim for breach of contract is based upon Defendant's alleged violations of the CBA. To that end, it is well-established under federal labor law that the method of dispute resolution agreed to by the parties in their labor agreement takes primacy over civil actions for breach of contract. *See e.g. Vaca v. Sipes*, 386 U.S. 171, 184, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). In this matter, the method of dispute resolution agreed to by the parties in the CBA was final and binding arbitration. Based on the above, Plaintiff is foreclosed from raising a state law claim for breach of contract due to the fact that it

8

is both preempted by federal law and has been fully prosecuted through the method of dispute

resolution agreed to by the parties in the CBA, i.e., final and binding arbitration.  As with

Plaintiff's other claims, had counsel conducted any research or investigation into this matter,

these fatal flaws would have become readily apparent.  There is no justifiable excuse for

Plaintiff's counsel's failure to investigate and understand the nature of the claims being advanced

in the Complaint since counsel also represented Plaintiff at the arbitration hearing held in this

matter and had ample time between the conclusion of that proceeding and the filing of the

Complaint in this matter.  Accordingly, as a result of Plaintiff's counsel's failure to reasonably

investigate either the facts or the applicable law at issue in this case, an award of sanctions

against Plaintiff and his counsel is warranted in this case.  *See Terminix v. Kay, supra.*

Based on the above cited authorities and reasoning, Defendant respectfully requests that

this Honorable Court find that Plaintiff and his counsel have vadvanced the claims set forth in

the Complaint against Defendant without a reasonable inquiry, and that such claims are not

warranted by existing law or by a nonfrivolous argument for extending, modifying, or creating

new law in violation of Rule 11(b) of the Federal Rules of Civil Procedure.[1]

## V.        <u>APPROPRIATE SANCTIONS</u>

If Rule 11(b) has been violated, the Court has discretion to tailor a sanction to the

particular facts of the case.  *See In re Cendant Corp. Derivative Action Litigation,* 96 F.Supp.2d

403 (D.N.J. 2000).  The Court may impose appropriate sanctions "on any attorney, law firm, or

party that violated the rule or is responsible for the violation."  Fed.R.Civ.Pro. 11(c).  The court

can impose monetary sanctions such as attorney fees or penalties, or non-monetary sanctions,

which can include: oral or written reprimands, publication of the sanctioning opinion, referral of

---

[1] It is also worth noting that, despite relying upon various documents in support of his allegations (e.g. the Collective Bargaining Agreement, the September 7, 2007 suspension letter and the Arbitrator's Award and Decision), Plaintiff failed to attach any of these documents to the Complaint filed in this matter, which, in and of itself, constitutes a deficient pleading.

the matter to the state bar for disciplinary proceedings, an order barring an attorney from appearing for a period of time, compulsory legal education, or dismissal of baseless claims. *Doering v. Union County Board of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988). However, an appropriate sanction must be limited to the least severe sanction that suffices to deter repetition of the conduct or comparable conduct by others similarly situated. *See* Fed.R.Civ.Pro. 11(c)(4).

In assessing the appropriateness of monetary sanctions as opposed to non-monetary sanctions, courts have considered: (1) the willfulness of counsel's conduct; (2) whether the conduct was part of a pattern; (3) whether counsel engaged in past similar conduct; (4) whether the conduct was intended to injure; (5) what effect the conduct had on the time or expense of litigation; and (6) the type of sanction sufficient to deter a repetition of such conduct. *Cendant Corp.*, 96 F. Supp. 2d. at 407-08.

In this matter, Defendant requests that this Court order that Plaintiff's action be dismissed, with prejudice, and that Plaintiff and his counsel pay the costs incurred by Defendant in defense of this action, including reasonable attorneys' fees. Given the sheer neglect on the part of Plaintiff and his counsel to even review the statute of limitations for their causes of action for defamation and "misuse of legal procedure" and the applicable controlling legal authority as to his claims, despite being advised of the above defects and being given the opportunity to voluntarily dismiss the Complaint by defense counsel, Defendant respectfully submits that the above-referenced sanctions, i.e. dismissal with prejudice and an award of Defendant's reasonable attorneys' fees and costs, are the least severe sanctions that would suffice to deter repetition of this conduct.

Defendant's counsel seeks leave of Court to submit a detailed fee petition with affidavits outlining background, hourly billing rates, and the time spent in defending against the allegations of the instant Complaint and litigating the matter.

## RULE 11 SAFE HARBOR CERTIFICATION

Defendant avers that, in accordance with Federal Rule of Civil Procedure 11(c)(2), this Motion was served on Plaintiff's counsel twenty-one (21) days or more prior to filing with this Court to enable Plaintiff and Plaintiff's counsel to withdraw the Complaint.

**WHEREFORE**, for all of the foregoing reasons, Defendant respectfully requests that this Court impose appropriate sanctions on Plaintiff and his counsel, the law firm of Renteria & Goldstein, and award such other and further relief as the Court may deem just and equitable.

BARLEY SNYDER LLC

By: */s/ Stephanie Carfley*
     Stephanie Carfley, Esquire
     Attorneys for Defendant Mount Joy
     Wire Corporation

     126 East King Street
     Lancaster, PA  17602-2893
     Tel:  (717) 299-5201
     Fax: (717) 291-4660
     scarfley@barley.com
     Pa. Attorney I.D. No. 79136