IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES W. SWAYNE,                )
                                )   Civil Action
            Plaintiff           )   No. 10-cv-03969
                                )
    vs.                         )
                                )
MOUNT JOY WIRE CORPORATION,     )
                                )
            Defendant           )

O R D E R

NOW, this 16th day of June, 2011, upon consideration of Defendant's Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure, which motion was filed September 15, 2010 (Document 9); upon consideration of the Response in Opposition to Defendant's Motion for Rule 11 Sanctions, which response was filed September 27, 2010 by plaintiff (Document 12); it appearing that by Order and Opinion of the undersigned dated March 21, 2011, defendant's motion to dismiss plaintiff's Complaint was granted in part and denied in part, and plaintiff was granted leave to file an amended complaint; it further appearing that on March 31, 2011, defendant filed a motion for reconsideration of the March 21, 2011 Order and Opinion, to which plaintiff responded on May 31, 2011 with leave of court; it further appearing that defendant has moved to dismiss plaintiff's Amended Complaint filed May 9, 2011,

IT IS ORDERED that Defendant's Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure, which motion was filed September 15, 2010 (Document 9) is

dismissed without prejudice for defendant to re-file it, if appropriate, after disposition of defendant's motion for reconsideration and motion to dismiss the Amended Complaint.[1]

BY THE COURT:


 /s/ James Knoll Gardner
James Knoll Gardner
United States District Judge

---

[1] Defendant's motion for sanctions contends that plaintiff's Complaint, which arises from the alleged termination of plaintiff's employment, was presented for an improper purpose. It also contends that the claims, defenses, and other legal contentions in the Complaint are not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. It also avers that plaintiff's counsel signed and filed the Complaint, and plaintiff verified the facts contained in it, even though "the relief requested clearly is not warranted by existing law". (Defendant's motion for sanctions, page 3.) Therefore, defendant seeks an award of sanctions under Rule 11 of the Federal Rules of Civil Procedure.

By Order and Opinion dated March 21, 2011, I granted in part and denied in part defendant's motion to dismiss plaintiff's original Complaint. Specifically, I dismissed the defamation claim set forth in Count I, without prejudice for plaintiff to re-plead that claim; I dismissed with prejudice the claim for misuse of legal procedure set forth in Count II; and I denied the motion to dismiss the breach of contract claim set forth in Count III. I also dismissed the motion in part as moot, to the extent it sought dismissal of Count I for failure to state a claim for defamation under Pennsylvania law, because I concluded that the defamation claim was governed by federal law, not state law.

Defendant filed a motion for reconsideration of my March 21, 2011 Order and Opinion, and has also moved to dismiss the Amended Complaint subsequently filed by plaintiff. Because those motions have not yet been decided, I decline to consider, at this time, whether plaintiff's claims are warranted by existing law or assert a nonfrivolous argument for extending, modifying, or reversing existing law or establishing new law. See, e.g., Just Enterprises, Inc. v. O'Malley & Langan, P.C., 560 F.Supp.2d 345, 354 (M.D. Pa. 2008) (Munley, J.); Skepton v. Bucks County, Pennsylvania, 628 F.Supp. 177, 180 (E.D.Pa. 1986) (Luongo, C.J.), which note that where claims raised by plaintiff can survive a motion to dismiss, sanctions are inappropriate against the party which filed the suit.

Accordingly, I dismiss the motion for sanctions, without prejudice for defendant to re-file it, if appropriate, after disposition of the motion for reconsideration and motion to dismiss the Amended Complaint.