```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES W. SWAYNE,               )
                               )  Civil Action
            Plaintiff          )  No. 10-cv-03969
                               )
                               )
     vs.                       )
                               )
MOUNT JOY WIRE CORPORATION,    )
                               )
            Defendant          )
```

O R D E R

NOW, this 12th day of January, 2012, upon consideration of Defendant's Motion for Partial Reconsideration(Document 26), together with the Memorandum in Support of Defendant's Motion for Partial Reconsideration (Document 27), which motion and memorandum were filed March 31, 2011; upon consideration of Plaintiff's Opposition to Defendant's Motion for Partial Reconsideration, which opposition was filed May 31, 2011 (Document 38),

IT IS ORDERED that defendant's motion is denied.[1]

BY THE COURT:

/s/ James Knoll Gardner
James Knoll Gardner
United States District Judge

---

[1] On July 7, 2010, plaintiff filed a three-count Complaint alleging defamation (Count I), abuse of process (Count II) and breach of contract (Count III). On August 17, 2010, defendant filed a motion dismiss plaintiff's Complaint. By Order and accompanying Opinion dated March 21, 2011, defendant's motion to dismiss plaintiff's Complaint was granted in part, dismissed in part as moot and denied in part.

(Footnote 1 continued):

---

(Continuation of footnote 1):

      Specifically, my March 21, 2011 Order and Opinion granted defendant's motion to dismiss Count I of plaintiff's Complaint, without prejudice for plaintiff to replead his defamation claim in order to establish the timeliness of the claim.  I dismissed defendant's motion as moot to the extent it argued that Count I failed to state a claim for defamation under Pennsylvania law because I accepted defendant's unopposed argument that plaintiff's defamation claim was preempted by federal law.

      With respect to Count II, defendant's motion to dismiss was granted and plaintiff's abuse of process claim was dismissed with prejudice. I denied defendant's motion to dismiss to the extent it sought dismissal of Count III.

      Defendant's Motion for Partial Reconsideration requests me to reconsider portions of my March 21, 2011 Order and accompanying Opinion.

      Rule 7.1(g) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania permits a party to file a motion for reconsideration.  The purpose of such motion

> is to correct manifest errors of law or fact or to present newly discovered evidence....  Courts will reconsider an issue only when there has been an intervening change in the controlling law, when new evidence has become available, or when there is a need to correct a clear error or prevent manifest injustice.  Mere dissatisfaction with the Court's ruling is not a proper basis for reconsideration.

Burger King Corporation v. New England Hood and Duct Cleaning Company, 2000 U.S.Dist. LEXIS 1022, at *4-5 (E.D.Pa. Feb. 4, 2000)(Bechtle, S.J.) (internal quotations omitted).

      The party seeking reconsideration bears the burden of showing at least one of those grounds.  Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

      In this case, defendant does not contend that new evidence has been discovered or that there has been an intervening change in the controlling law.  Rather, defendant contends that reconsideration is warranted in order to correct a clear error and to prevent manifest injustice.

      Where the grounds for the motion for reconsideration are to correct a manifest injustice, "the party must persuade the court that not only was the prior decision wrong, 'but that it was clearly wrong and that adherence to the decision would create a manifest injustice.'"  Payne v. DeLuca, 2006 U.S.Dist. LEXIS 89251, at *5-6 (W.D.Pa. Dec. 11, 2006) (Hardiman, J.) (quoting In re City of Philadelphia Litigation, 158 F.3d 711, 720-721 (3d Cir. 1998)).  Moreover, the manifest injustice standard is not met merely by rehashing arguments already addressed by the court.  See Seidman v. American Mobile Systems, 965 F.Supp. 612, 629 n.2 (E.D.Pa. 1997) (Robreno, J.).

      Defendant does not dispute my holding that plaintiff's claims were preempted by the Federal Labor Management Relations Act ("LMRA"),

(Footnote 1 continued):

---

(<u>Continuation of footnote 1</u>):

29 U.S.C. §§ 141-187. However, defendant contends that the dismissal of Count I without prejudice and the denial of its motion to dismiss Count III constituted a clear error because plaintiff did not allege a viable claim under section 301 of the LMRA. With respect to my denial of defendant's motion to dismiss Count III, defendant also contends that I improperly refused to analyze defendant's collateral estoppel argument. Accordingly defendant contends that Count I and III should have been dismissed with prejudice.

  A claim under section 301 of the LMRA may be characterized as either a "pure claim" or a "hybrid claim." Pure claims are brought by a union against an employer. <u>Service Employee International Union Local 36 v. City Cleaning Company</u>, 982 F.2d 89, 94 n.2 (3d Cir. 1992). "Hybrid claims are brought by an employee alleging that the employer breached the collective bargaining agreement and that the employee's union violated its duty to fairly represent the employee. <u>Carpenter v. Wawa</u>, 2009 WL 4756258 at *4 (E.D.Pa. Dec. 3, 2009) (Pratter, J.) <u>citing</u> <u>Service Employee International Union Local 36</u>, 982 F.2d at 94-96.

  An employee can bring a section 301 claim against his employer without naming the union as defendant. However, the employee must still allege, and eventually prove, that the union breached its duty of fair representation. <u>Carpenter</u>, 2009 WL 4756258 at *3 (internal citations omitted).

  Defendant contends that plaintiff did not, and could not, state a viable hybrid claim because he did not allege that the union had breached its duty of fair representation. Rather, plaintiff alleged that his union fully supported his grievance. Accordingly, defendant contends that granting leave to amend Count I was erroneous because any amendments to the Complaint would be futile. Likewise, defendant contends that denying its motion to dismiss Count III constituted a clear error.

  However, defendant's motion to dismiss plaintiff's Complaint did not argue that plaintiff failed to adequately allege a hybrid claim. While defendant's motion to dismiss contended that plaintiff's defamation and breach of contracts claims were preempted by federal law (which my Opinion accepted as unopposed), defendant did not address the consequences of preemption.

  When a state law claim is preempted by section 301 of the LMRA, "it must be considered as a § 301 claim and analyzed by application to federal common law." <u>Furillo v. Dana Corporation Parish Division</u>, 866 F.Supp. 842, 854 (E.D.Pa. 1994) (Van Antwerpen). As defendant acknowledges, "defendant did not previously brief the issue of whether Plaintiff states a claim under § 301 of the LMRA." (Defendant's memorandum in support of reconsideration, page 6, n.3).

  Therefore, I did not have reason to consider whether plaintiff stated a viable claim under section 301 because defendant did not contend that plaintiff failed to state a claim under federal law, except as plaintiff's claims pertained to the statute of limitations.

  Nor did I have reason to consider defendant's contention that

(<u>Footnote 1 continued</u>):

---

(Continuation of footnote 1):

plaintiff was barred from challenging the arbitrator's findings based on the doctrine of collateral estoppel.  As my Opinion noted, "defendant's legal analysis is based on its recitation of the doctrine of collateral estoppel under Pennsylvania law."  (Opinion, page 33).

   Although defendant cited Pennsylvania state-court cases as well as federal cases in support of its collateral estoppel argument, defendant's motion to dismiss did not establish the elements of collateral estoppel under federal common law for purposes of an LMRA claim.  (Opinion, page 34, n.22).

   A movant's failure to initially brief an issue does not provide a basis to grant a motion for reconsideration.  In fact, failure to brief an issue or "cite any applicable law is enough to deny a motion without merit."  Core Construction & Remediation, Inc. v. Village Spring Valley, 2007 U.S. LEXIS 73069 at *24 (E.D.Pa. Sep. 27, 2007) (Gardner, J.).

   Therefore, defendant has not established that my decision dismissing Count I without prejudice and denying defendant's motion to dismiss Count III of plaintiff's Complaint was in clear error or created a manifest injustice.  Accordingly, defendant's motion for reconsideration is denied.

   However, it is worth noting that my Opinion did not address the merits of whether plaintiff adequately alleged a hybrid claim under section 301 of the LMRA.  In fact my Opinion noted that it did not appear that plaintiff alleged that the Union violated his rights of fair representation and that "in the event plaintiff files an Amended Complaint to re-plead the claims...he should also clarify his allegations regarding the Union."  (Opinion, page 34, n.23).

   Accordingly, nothing in this Order should be construed as ruling on the merits of whether plaintiff has sufficiently alleged a claim under section 301 of the LMRA.  On May 4, 2011, plaintiff filed an Amended Complaint.  On May 24, 2011 defendant filed its Motion to Dismiss Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Defendant's motion to dismiss the Amended Complaint is currently pending and this Order does not address the merits of that motion.