IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES W. SWAYNE,                  )
                                  )  Civil Action
             Plaintiff            )  No. 10-cv-03969
                                  )
        vs.                       )
                                  )
MOUNT JOY WIRE CORPORATION,       )
                                  )
             Defendant            )

                        *    *    *

APPEARANCES:
           MICHELLE E. GOLDSTEIN, ESQUIRE
                On behalf of Plaintiff

           RICHARD L. HACKMAN, ESQUIRE
           DAVID J. FREEDMAN, ESQUIRE
                On behalf of Defendant

                        *    *    *

                   O P I N I O N

JAMES KNOLL GARDNER,
United States District Judge

        This matter is before the court on defendant's Motion

to Dismiss Amended Complaint Pursuant to Federal Rule of Civil

Procedure 12(b)(6).[1]  For the following reasons, I grant

defendant's motion to dismiss.  Specifically, I conclude that

both of plaintiff's claims are preempted by the federal Labor

Management Relations Act and that plaintiff has failed to state a

viable claim under federal law.  Additionally, because plaintiff

_____

        [1]     Defendant's motion to dismiss was filed together with a Memorandum
in Support of Defendant's Motion to Dismiss Plaintiff's Amended Complaint
Pursuant to [sic].  In response, plaintiff filed Plaintiff's Opposition to
Defendant's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Rule
12(b)(6) of the Federal Rules of Civil Procedure ("Plaintiff's Opposition").

has already had one opportunity to amend his complaint and because I conclude that further amendments would be futile, I dismiss plaintiff's claims with prejudice.

<u>JURISDICTION</u>

Jurisdiction in this case is based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331 and pursuant to 29 U.S.C. § 185, which provides original jurisdiction to district courts to hear breach of contract suits between an employer and a labor organization.

<u>VENUE</u>

Venue is proper pursuant to 28 U.S.C. § 1391(b) because the events giving rise to plaintiff's claims allegedly occurred in Lancaster County, Pennsylvania, which is within this judicial district.

<u>PROCEDURAL HISTORY</u>

Plaintiff James W. Swayne initiated this action on July 7, 2010 by filing a three-count Complaint against his employer, defendant Mount Joy Wire Corporation, in the Court of Common Pleas of Lancaster County, Pennsylvania.[2]

---

[2]   The Complaint arises from the prior termination of plaintiff's employment, and contains related state-law claims for defamation (Count I), misuse of legal procedure (Count II), and breach of contract (Count III).

Defendant timely removed the matter to this court by Notice of Removal filed August 10, 2010.[3]  On August 17, 2010 defendant filed an initial motion to dismiss.

By Order and accompanying Opinion dated and filed March 21, 2011, I granted in part, denied in part, and dismissed in part as moot, defendant's original motion to dismiss.

Specifically, regarding Count I, I granted the motion to the extent it sought dismissal of plaintiff's defamation claim as untimely.  I dismissed Count I without prejudice for plaintiff to re-plead his defamation claim to establish the timeliness of his claim.  I dismissed defendant's motion to dismiss as moot to the extent that it sought dismissal for failure to state a claim for defamation under Pennsylvania law.

I granted defendant's motion to dismiss to the extent it sought dismissal of Count II, and accordingly dismissed plaintiff's misuse of legal procedure claim with prejudice.[4]  I denied the motion to the extent that it sought dismissal of Count III for breach of contract.

On March 31, 2011 Defendant's Motion for Partial Reconsideration was filed.  It requested reconsideration of the

---

[3]     Defendant's Notice of Removal contends that removal was proper because plaintiff's defamation and breach of contract claims were preempted by the federal Labor Management Relations Act, 29 U.S.C. §§ 141-187. Accordingly, federal jurisdiction exists pursuant to 29 U.S.C. § 185 and 28 U.S.C. § 1331.

[4]     I treated plaintiff's misuse of legal procedure claim as an abuse of process claim.

portion of my March 21, 2011 Order and Opinion that dismissed Count I of plaintiff's Complaint without prejudice and denied defendant's motion to dismiss Count III.

On May 9, 2011 plaintiff filed his Amended Complaint, alleging Pennsylvania state-law claims for defamation (Count I) and breach of contract (Count III).  In Count II of the Amended Complaint, plaintiff indicates that Count II in the original Complaint alleging misuse of legal procedure was dismissed by me, and he did not pursue that claim in the Amended Complaint.

On May 24, 2011 defendant filed the within motion to dismiss the Amended Complaint.  Plaintiff responded in opposition on June 6, 2011.

By Order dated and filed January 12, 2012, I denied defendant's motion for partial reconsideration, but did not address the merits of defendant's pending motion to dismiss plaintiff's Amended Complaint.  Hence this Opinion.

STANDARD OF REVIEW

A claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted."  Fed.R.Civ.P. 12(b)(6).  A 12(b)(6) motion requires the court to examine the sufficiency of the complaint.  Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957) (abrogated in other respects by Bell Atlantic Corporation v. Twombly, 550 U.S. 544,

-4-

127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  Generally, in ruling on a motion to dismiss, the court relies on the complaint, attached exhibits, and matters of public record, including other judicial proceedings.  Sands v. McCormick, 502 F.3d 263, 268 (3d. Cir. 2008).

Except as provided in Federal Rule of Civil Procedure 9, a complaint is sufficient if it complies with Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).  Rule 8(a)(2) does not require heightened fact pleading of specifics, but "only enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570, 127 S.Ct. at 1974, 167 L.Ed.2d  at 949.[5]

In determining whether a plaintiff's complaint is sufficient, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading,

---

[5]    The opinion of the United States Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S.Ct. 1937, 1953, 173 L.Ed.2d 868, 887 (2009), states clearly that the "facial plausibility" pleading standard set forth in Twombly applies to all civil suits in the federal courts.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

This showing of facial plausibility then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and that the plaintiff is entitled to relief.  Fowler, 578 F.3d at 210 (quoting Iqbal, 556 U.S. at ___, 129 S.Ct. at 1949, 173 L.Ed.2d at 884).

As the Supreme Court explained in Iqbal, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that the defendant acted unlawfully."  Iqbal, 556 U.S. at  ___, 129 S.Ct. at 1949, 173 L.Ed.2d at 884.

the plaintiff may be entitled to relief." Fowler, 578 F.3d at 210 (citing Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).

Although "conclusory or bare-bones allegations" will not survive a motion to dismiss, Fowler, 578 F.3d at 210, a complaint may not be dismissed "merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." Phillips, 515 F.3d at 231. Nonetheless, to survive a 12(b)(6) motion, the complaint must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]." Id. (quoting Twombly, 550 U.S. at 556, 127 S.Ct. at 1965, 167 L.Ed.2d at 940) (internal quotations omitted).

The court is required to conduct a two-part analysis when considering a Rule 12(b)(6) motion.  First, the factual matters averred in the complaint, and any attached exhibits, should be separated from legal conclusions asserted therein. Fowler, 578 F.3d at 210.  Any facts pled must be taken as true, and any legal conclusions asserted may be disregarded. Id. at 210-211.

Second, the court must determine whether those factual matters averred are sufficient to show that the plaintiff has a "plausible claim for relief." Id. at 211 (quoting Iqbal, 556 U.S. at __, 129 S.Ct. at 1950, 178 L.Ed.2d at 884).

Ultimately, this two-part analysis is "context-specific" and requires the court to draw on its "judicial experience and common sense" to determine if the facts pled in the complaint have "nudged [plaintiff's] claims" over the line from "[merely] conceivable [or possible] to plausible." Iqbal, 556 U.S. at __, 129 S.Ct. at 1949-1950, 178 L.Ed.2d at 884-885. A well-pleaded complaint may not be dismissed simply because "it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Twombly, 550 U.S. at 556, 127 S.Ct. at 1965, 167 L.Ed.2d at 940-941.

FACTS

Based upon the averments in plaintiff's Amended Complaint, which I must accept as true under the foregoing standard of review when considering a motion to dismiss, the pertinent facts are as follows.[6]

Plaintiff is employed by defendant Mount Joy Wire Corporation ("Mount Joy"), and was previously employed by Mount Joy from June 1996 through September 2007. From about October 1, 2005 forward, plaintiff was a member of Local Lodge WW#1, District 98 of the International Association of Machinists and

_____

[6]    Plaintiff's Amended Complaint is similar to his initial Complaint, and my March 21, 2011 Opinion, which I incorporate into this Opinion, recited the facts alleged in the Complaint in detail.  Therefore, in this Opinion I only include pertinent background allegations and the allegations plaintiff added to his Amended Complaint.

-7-

Aerospace Workers ("Union").  The Union and Mount Joy are contractually bound under a collective bargaining agreement ("CBA").[7]

On April 16, 2007, a homemade bomb made of lime, water, and a plastic bottle was set off during the third shift on Mount Joy property ("lime bomb incident").  Shortly after the lime bomb incident, plaintiff confronted Anthony Hollingsworth, a Mount Joy employee, at Beanie's Bar in Mount Joy, Pennsylvania. Mr. Hollingsworth claims that during this confrontation plaintiff admitted that he was the individual responsible for the lime bomb incident.[8]

On April 17, 2007 defendant Mount Joy contacted local law enforcement officials to investigate the lime bomb incident. The investigation resulted in criminal charges against plaintiff, which were issued on July 5, 2007.  On August 15, 2007 an additional criminal charge against plaintiff was issued in connection with the lime bomb incident.[9]

At his September 5, 2007 preliminary hearing, plaintiff did not plead guilty to any of the criminal charges.  However, on September 7, 2007 defendant issued a written, five-day suspension to plaintiff based on the lime bomb incident.  Mount Joy alleged

---

[7]    Amended Complaint, ¶¶ 3-6.

[8]    Id., ¶¶ 7-8.

[9]    Id., ¶¶ 9, 13 and 15.

that plaintiff did the following: (a) provided false statements to defendant and the police; (b) threatened and harassed Mr. Hollingsworth; and (c) plead guilty to two misdemeanors and intimidation of a witness.[10]

Mount Joy also accused plaintiff "of violating the company Rules of Conduct by allegedly doing the following: a. attempting bodily injury to another employee on company property; b. making false statements concerning an employee and the employer during the course of an investigation; and c. violating health and safety rules."[11]

On September 11, 2007, before the end of plaintiff's suspension period and before a mandatory company meeting concerning plaintiff was held,[12] defendant issued a letter to plaintiff, indicating that defendant was terminating plaintiff's employment effective September 13, 2007.  At the time of the termination of plaintiff's employment, all evidence against him

---

[10]    Amended Complaint, ¶¶ 16-18.

[11]    Plaintiff's Preliminary Hearing was a matter of public record. Accordingly, Mount Joy could have determined that plaintiff had not plead guilty to the charges (Amended Complaint, ¶¶ 19 and 58).

[12]    Pursuant to the collective bargaining agreement, an employee can only be terminated after his suspension period and a mandatory company meeting is held (Amended Complaint, ¶ 62).  Moreover, Mount Joy's Disciplinary Policy provides that "any disciplinary action taken will be consistent and [Mount Joy has a] responsibility to investigate the facts of each incident that may warrant disciplinary action." (Amended Complaint, ¶ 51).

originated solely from his alleged confession, without witnesses, to another Mount Joy employee at a bar after work hours.[13]

Immediately after being suspended, plaintiff requested that his Union file a grievance pursuant to the CBA.  Despite plaintiff's request, the Union failed to file a grievance for nearly two years and never spoke on plaintiff's behalf at any of the company meetings regarding plaintiff's termination.[14]

On March 12, 2009 all criminal charges against plaintiff regarding the lime bomb incident were dismissed by the assistant district attorney because of "evidentiary issues".[15]

Plaintiff eventually filed a grievance against Mount Joy pursuant to the CBA.[16]  At this point, the Union fully supported plaintiff's grievance and appealed plaintiff's grievance to arbitration as provided by the CBA.  However, because plaintiff was concerned that the Union was not diligently representing him, he retained private counsel to represent him at the grievance arbitration.[17]

---

[13]    Amended Complaint, ¶¶ 20 and 22.

[14]    Id., ¶¶ 69-71.

[15]    Id., ¶ 23.

[16]    Plaintiff does not allege the date when the grievance was filed. However, he indicates that it was filed nearly two years after his termination.

[17]    Id., ¶¶ 24, 25 and 72.

Arbitration hearings were conducted before an American Arbitration Association arbitrator on December 14, 2009 and January 6, 2010.  On March 9, 2010 the arbitrator concluded that defendant's termination of plaintiff's employment was too severe, and ordered that plaintiff be reinstated as a Mount Joy employee as soon as possible.[18]

Plaintiff returned to work for defendant on March 21, 2010.  Following his return to work, Mount Joy and the Union amended its list of major infractions within their contract to include a prohibition of bringing any explosive device onto company property.[19]

Plaintiff did not receive unemployment compensation or regular wages during his two-and-a-half year suspension from employment with defendant.  At all material times, from the time his employment was terminated in September 2007 through his reinstatement in March 2010, plaintiff was ready, willing, and able to work.[20]

The termination of plaintiff's employment caused him to endure severe financial hardship.  As a direct result of defendant's conduct, plaintiff suffered financial ruin and mental

---

[18]    Amended Complaint, ¶¶ 26 and 28.

[19]    Id., ¶¶ 28, 30 and 32.

[20]    Id., ¶¶ 29 and 31.

anguish, and will continue to endure such to his detriment and loss until he is able to rebuild his finances.[21]

Although plaintiff was eventually reinstated, from the time he was suspended in 2007 until less than six months prior to filing the Amended Complaint, which was filed May 9, 2011, Mount Joy continued to publish to third parties the unsubstantiated allegations that plaintiff set off the lime bomb.  Mount Joy made these statements to plaintiff's prospective employers and the Office of Domestic Relations of Lancaster County, Pennsylvania despite Mount Joy's actual or constructive knowledge that the criminal charges against plaintiff had been dropped.[22]

CONTENTIONS OF THE PARTIES

Contentions of Defendant

Defendant contends that both Count I and III of plaintiff's Amended Complaint are preempted by federal law. Regarding Count I, defendant contends that because defendant's alleged defamatory statements arose from the grievance process, they are governed by section 301 of the Labor Management Relations Act ("LMRA"). Concerning Count III, defendant contends that plaintiff's breach of contract claim is also preempted by the LMRA because it is based on the CBA.

---

[21]     Amended Complaint, ¶¶ 33-35.

[22]     Id., ¶¶ 43 and 44.

Defendant further contends that both Count I and III fail to state a claim under the LMRA.  Specifically, defendant contends that the Amended Complaint fails to state viable claims because plaintiff has not alleged sufficient facts to plausibly suggest that his Union violated its duty of fair representation as required for a claim brought under section 301 of the LMRA.

In the alternative, defendant contends that both Counts I and III are time-barred by the applicable statute of limitations under either federal or Pennsylvania law.

With respect to Count I, defendant also contends that even if Count I were not time-barred, plaintiff has failed to adequately allege a defamation claim under either federal or Pennsylvania law because the alleged defamatory statements were privileged.

With respect to Count III, defendant contends that plaintiff is collaterally estopped from pursuing his breach of contract claim because an arbitrator issued a final judgment on the merits of this claim.  Additionally, defendant contends that Count III fails because a court's review of an arbitrator's decision is extremely limited and plaintiff has not alleged fraud, partiality or misconduct on the part of the arbitrator.

Contentions of Plaintiff

Plaintiff does not contest defendant's contention that Count I and III are preempted by federal law.[23]  However, plaintiff contends that each Count states a viable claim under the LMRA.  Specifically, plaintiff contends that his allegations that his Union did not file a grievance for nearly two years after plaintiff's termination are sufficient to demonstrate that the Union violated its duty of fair representation.

With respect to Count I, plaintiff contends that his additional allegations in the Amended Complaint, which provide that defendant made defamatory statements until six months prior to the filing of his Amended Complaint, make his defamation claim timely.  Additionally, plaintiff contends that he has adequately alleged a defamation claim because Mount Joy's defamatory statements were untruthful and therefore are not protected by any privilege.

Concerning Count III, plaintiff contends that his breach of contract claim is not time-barred because he was contractually obligated to exhaust the grievance procedures as set forth by the CBA.  Accordingly, plaintiff contends that his claim did not accrue until arbitration was complete in March 2010; and therefore, that his claim is timely.

---

[23]    Plaintiff does not directly respond to defendant's contention that his claims are preempted by federal law.  Additionally, plaintiff indicates that he "will acquiesce to federal jurisdiction." (Plaintiff's Opposition, page 5).

DISCUSSION

Consideration of Extraneous Documents

Defendant attaches three documents to its motion to dismiss, which it contends may be considered in ruling on its motion to dismiss.  They are the collective bargaining agreement, the September 7, 2007 letter suspending plaintiff's employment ("suspension letter"), and the arbitrator's award and decision regarding plaintiff's grievance.  Defendant contends that plaintiff's claims rely on these documents.  Plaintiff does not oppose consideration of these documents and separately attaches each document to its opposition brief.

In ruling on a motion to dismiss, the court ordinarily relies only on the complaint, attached exhibits, and matters of public record, including other judicial proceedings.  Sands, 502 F.3d at 268.  However, the court may also consider an undisputably authentic document which a defendant attaches as an exhibit to a motion to dismiss, if plaintiff's claims are based on the document.  Pension Benefit Guaranty Corporation v. White Consolidated Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

Here, plaintiff's Amended Complaint refers to the suspension letter, CBA, and arbitration award.  Additionally, neither plaintiff nor defendant dispute the authenticity of the documents, and both agree that the documents may be considered in

ruling on defendant's motion to dismiss.  Accordingly, I have considered the documents.

<u>Preemption</u>

Defendant contends that because plaintiff's claims arise from the CBA, they are preempted by the federal Labor Management Relations Act.

Section 301(a) of the LMRA provides that

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

The United States Supreme Court has held that section 301 is "more than jurisdictional -- that it authorizes federal courts to fashion a body of federal law for the enforcement of" collective bargaining agreements.  <u>Trans Penn Wax Corporation v. McCandless</u>, 50 F.3d 217, 228 (3d Cir. 1995)(quoting <u>Textile Workers of America v. Lincoln Mills</u>, 353 U.S. 448, 450-451, 77 S.Ct. 912, 914-915, 1 L.Ed.2d 972, 977 (1957)).

Therefore, state law claims are preempted if the claim is "substantially dependent on analysis of a collective bargaining agreement" or if the claim is based on rights created by the CBA.  <u>Lingle v. Norge Division of Magic Chef, Inc.</u>,

-16-

486 U.S. 399, 410, 108 S.Ct. 1877, 1883, 100 L.Ed.2d 410, 421
(1988).

      Plaintiff does not directly respond to defendant's
contention that his claims are preempted by federal law.
Additionally, plaintiff indicates he "will acquiesce to federal
jurisdiction."[24]   Therefore, I consider this contention
unopposed, and I treat both of plaintiff's claims as preempted by
federal law.  See E.D.Pa.R.Civ.P. 7.1(c).

      Because I treat plaintiff's claims as preempted by the
LMRA, federal law governs plaintiff's claims.  Accordingly, I
dismiss defendant's motion to dismiss as moot to the extent that
it seeks dismissal based on defendant's contentions that:
(1) plaintiff's claims are untimely pursuant to Pennsylvania law;
(2) plaintiff fails to state a defamation claim under
Pennsylvania law; and (3) plaintiff's breach of contract claim is
barred by the doctrine of collateral estoppel under Pennsylvania
law.

<u>Section 301 of the LMRA</u>

      When, as here, state-law claims (defamation and breach
of contract) are preempted in a labor-law context, they are
treated as claims under section 301 of the federal Labor
Management Relations Act, and therefore properly analyzed under
federal common law, rather than under Pennsylvania law.  <u>Furillo</u>

---

    [24]    Plaintiff's Opposition Brief, page 5.

v. Dana Corporation Parish Division, 866 F.Supp. 842, 852
(E.D.Pa. 1994)(Van Antwerpen, J.).

　　　　Defendant contends that plaintiff fails to state a
viable section 301 claim because plaintiffs does not allege facts
sufficient to create a plausible inference that the Union
violated its duty of fair representation.[25]

---

[25]    In defendant's motion to dismiss plaintiff's initial Complaint,
although defendant argued that plaintiff's claims were preempted by federal
law, defendant did not contend that plaintiff failed to state a claim under
the LMRA.  Accordingly, my March 21, 2011 Opinion did not address whether
plaintiff stated a viable section 301 claim.

　　　　After plaintiff filed its Amended Complaint, defendant, for the
first time, now contends that plaintiff has failed to state a claim under the
LMRA.

　　　　Generally, a party that makes a motion pursuant to Rule 12 of the
Federal Rules of Civil Procedure cannot make another motion under Rule 12
using a defense or objection that was available to the party but omitted from
its earlier motion.  Fed.R.Civ.P. 12(g)(2).

　　　　Rule 12(g) "contemplates the presentation of an omnibus pre-answer
motion in which defendant advances every available Rule 12 defense and
objection he may have that is assertable by motion."  McCurdy v. American
Board of Plastic Surgery, 157 F.3d 191, 194 (3d Cir. 1998) quoting 5A Charles
Alan Wright and Arthur R. Miller, Federal Practice and Procedure: Civil 2d
§ 1384 at 726 (1990).

　　　　Here, although defendant's motion to dismiss plaintiff's initial
Complaint did not make the argument that plaintiff failed to state a claim
under federal law, I will nevertheless consider this argument.

　　　　Plaintiff's Amended Complaint includes additional allegations
about the conduct of his Union.  Therefore the defenses and objections
available to defendant at the time it filed its motion to dismiss the Amended
Complaint were not available to it when it filed its initial motion to
dismiss, making Rule 12(g) inapplicable.

　　　　Moreover, to the extent that such defenses were available to
defendant, I will nevertheless consider defendant's arguments now in order to
avoid unnecessary delay.  See Penn-Mont Benefit Services, Inc. v. Crosswhite,
2003 U.S.Dist. LEXIS 1345 at *19 (E.D.Pa. Jan. 29, 2003) (Rufe, J.) (a court
may waive the requirements of Rule 12(g) as a means to prevent unnecessary
delay when the court would have to consider the same arguments in considering
a Rule 12(c) motion for judgment on the pleadings).

　　　　Finally, plaintiff does not contend that Rule 12(g) precludes
consideration of defendant's motion to dismiss the Amended Complaint.

A claim under section 301 of the LMRA may be characterized as either a "pure claim" or a "hybrid claim".  Pure claims are brought by a union against an employer.  <u>Service Employee International Union Local 36 v. City Cleaning Company</u>, 982 F.2d 89, 94 n.2 (3d Cir. 1992).  "Hybrid claims" are brought by an employee alleging that the employer breached the collective bargaining agreement and that the employee's union violated its duty to fairly represent the employee.  <u>Carpenter v. Wawa</u>, 2009 LEXIS 112509, at *10 (E.D.Pa. Dec. 3, 2009)(Pratter, J.) (citing <u>Service Employee International Union Local 36</u>, 982 F.2d at 94 n.2).

An employee protected by a collective bargaining agreement may sue his employer under section 301 only after he has pursued his contractual grievance remedies and established that his rights of fair representation were violated.  <u>Furillo</u>, 866 F.Supp. at 852.

Because this action is brought by an employee and not by a union, plaintiff's claims are properly characterized as hybrid claims even though the Union is not a defendant.[26]  In order to state a viable hybrid claim, the employee must still allege, and eventually prove, that the union breached its duty of

---

[26]     Pure claims can only be asserted by unions against employers. However, an employee can bring a hybrid claim against his employer without naming the union as a defendant.  <u>Carpenter</u>, 2009 LEXIS 112509, at *10.

-19-

fair representation.  Carpenter, 2009 LEXIS 112509, at *10
(internal citations omitted).

The duty of fair representation of a union stems from
its role as the exclusive bargaining representative of the
employees.  Morris v. United Steel Workers of America Local 4889,
2010 WL 933807 at *5 (E.D.Pa. Mar. 16, 2010) (Robreno, J.) citing
Vaca v. Sipes, 386 U.S. 171, 177, 87 S.Ct. 903, 17 L.Ed.2d 842
(1967).  In order to demonstrate that a union violated its duty
of fair representation, a plaintiff must show that the union's
conduct toward a member of the collective bargaining union was
"arbitrary, discriminatory or in bad faith."  Morris, 2010 WL
933807 at *5 quoting Vaca, 386 U.S. at 190.

Courts have set high thresholds to establish that a
union's conduct was arbitrary, discriminatory or in bad faith.  A
union's actions are arbitrary only if the union's behavior is so
far outside a "wide range of reasonableness as to be irrational."
Morris, 2010 WL 933807 at *5 quoting Air Line Pilots Association
International v. O'Neill, 499 U.S. 65, 67, 111 S.Ct. 1127, 1130,
113 L.Ed.2d 51, 58 (1991).

To establish that a union acted in bad faith, a
plaintiff must prove "fraud, deceit or dishonesty on the part of
the union."  Morris, 2010 WL 933807 at *6 citing Amalgamated
Association of Street, Electric Railway & Motor Coach Employees

of America v. Lockridge, 403 U.S. 274, 299, 91 S.Ct. 1909, 1924, 29 L.Ed.2d 473, 490 (1971).

A union acts in a discriminatory manner by treating an employee differently "because of an irrelevant and invidious distinction."  Morris, 2010 WL 933807 at *6 quoting Peterson v. Lehigh Valley District Council, United Brotherhood of Carpenters & Joiners, 676 F.2d 81, 87 (3d Cir. 1982).

Here, plaintiff fails to allege sufficient facts to state a viable section 301 claim.

### Count I

Neither the allegations in Count I, nor the "Background and Facts" in plaintiff's Amended Complaint allege that the Union violated its duty of fair representation to plaintiff with respect to his defamation claim.

Plaintiff's allegation that the Union delayed filing his grievance appears only in Count III.  In fact, the Amended Complaint does not make clear whether plaintiff filed or attempted to file a grievance pertaining to Mount Joy's alleged defamatory publications.

Plaintiff alleges that Mount Joy continued to make false, unsubstantiated allegations that plaintiff set off the lime bomb from the time of plaintiff's suspension until less than six months prior to filing the Amended Complaint.[27]  However,

---

[27]     Amended Complaint, ¶ 43.

-21-

plaintiff does not allege that he attempted to file a grievance with respect to these alleged defamatory statements.

Without alleging that he pursued the grievance procedures provided by the CBA, plaintiff cannot establish that the Union violated its duty of fair representation. See Furillo, 866 F.Supp. at 852.

Accordingly, Count I fails to state a claim under section 301.  Therefore defendant's motion to dismiss Count I is granted.  Because I grant defendant's motion to dismiss Count I for failure to assert a claim under the LMRA, I dismiss defendant's motion to dismiss to the extent that it contends that Count I is untimely and fails to state a defamation claim under federal law.

<u>Count III</u>

Plaintiff's Amended Complaint does provide additional allegations in Count III concerning the conduct of his Union. Specifically, plaintiff alleges that for almost two years after plaintiff was suspended and then terminated, the Union did not file a timely grievance, despite plaintiff's request that it do so immediately after his suspension.

Additionally, plaintiff alleges that the Union did not speak on his behalf at any of the company meetings regarding his termination.  Plaintiff also alleges that because he was concerned that the Union was not diligently representing him, he

was forced to retain private counsel to represent him at the
grievance arbitration.

However, plaintiff's additional allegations do not
support a plausible claim that his union acted in an arbitrary or
discriminatory manner or that the Union acted in bad faith.
Plaintiff does not allege that the Union treated him differently
than other members of the bargaining unit.  Nor does plaintiff
allege that the Union acted fraudulently.  Therefore, plaintiff
cannot establish that the Union acted in a discriminatory manner
or in bad faith.

Nor has plaintiff alleged sufficient facts to support
an inference that the Union acted arbitrarily.  Although
plaintiff alleges that he was concerned that the Union was not
diligently representing him and that he was forced to retain
private counsel, plaintiff has not alleged any facts to support
this concern.  In fact, plaintiff admits that once plaintiff's
grievance was filed, it was "fully supported by the Union."[28]
Moreover, plaintiff alleges that his Union appealed the grievance
to arbitration and plaintiff was ultimately reinstated to his
position at Mount Joy.

Plaintiff's allegations that the Union delayed filing
his grievance and that the Union did not speak on his behalf at
company meetings, without more, is not sufficient to meet the

---

[28]     Amended Complaint, § 24.

high threshold necessary to establish that his Union's conduct

was "arbitrary, discriminatory or in bad faith."  Wilkins v. ABF

Freight System, Inc., 2005 U.S.Dist. 20305 at *22  (E.D.Pa.

Sep. 15, 2005) (Giles, J.) quoting Vaca, 386 U.S. at 190.

In Wilkins, an employee brought a section 301 claim in

which he contended that his union's failure to file a grievance

violated its duty of fair representation.  Wilkins, 2005

U.S.Dist. 20305 at *21.  Then Chief Judge James T. Giles of the

United States District Court for the Eastern District of

Pennsylvania held that the "mere refusal of a union to take a

complaint to arbitration does not establish a breach of the

union's duty of fair representation."  Id. at *21 quoting Findley

v. Jones Motor Freight, 639 F.2d 953, 958 (3d Cir. 1973).

Moreover, plaintiff was not entitled to discovery to ascertain

the union's reason for not pursuing his grievance.  Wilkins,

2005 U.S.Dist. 20305 at *20.

Here, plaintiff alleges that his Union delayed filing

his grievance but has not alleged any facts to suggest that this

delay was arbitrary.  Additionally, although plaintiff alleges

that the Union did not speak on his behalf at company meetings,

plaintiff does not allege that the Union was required to do so or

that its failure to do so was arbitrary.

Rather, plaintiff alleges that ultimately the Union

fully supported his grievance at arbitration and that he was

reinstated to his position at Mount Joy.  In <u>Wilkins</u>, the union's failure to file a grievance did not amount to arbitrary conduct. Here, not only did plaintif's Union file a grievance, but with the support of his Union, plaintiff was ultimately reinstated to his position.  Therefore, without additional factual allegations, plaintiff cannot establish that the conduct of his Union's actions were "so unreasonable as to be without rational basis or explanation." <u>Morris</u>, 2010 WL 933807 at *17.

Accordingly, plaintiff's allegations fail to state a section 301 claim because they do not plausibly suggest that the Union violated its duty of fair representation.  Because plaintiff does not sufficiently allege his Union violated its duty of fair representation, he fails to state a claim under section 301 of the LMRA for Count III.  Accordingly, defendant's motion to dismiss Count III is granted.

Because I grant defendant's motion to dismiss Count III on the basis of plaintiff's failure to state a claim under section 301, I dismiss defendant's motion to dismiss Count III as moot to the extent that it seeks dismissal based on defendant's contentions that: (1) plaintiff's claims are barred by the statute of limitations under federal law; and (2) plaintiff's breach of contract claim in Count III is barred by the doctrine of collateral estoppel and fails because a court's review of an arbitrator's decision is extremely limited.

Leave to Amend

      Generally, leave to amend a complaint shall be freely given when justice so requires.  Fed.R.Civ.P. 15(a).  Even when a plaintiff does not seek leave to amend, such leave must be granted unless an amendment would not cure the deficiency of the complaint.  Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (Alito, C.J.).  However, "[a]mong the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility."  Id.

      Here, plaintiff has already had one opportunity to amend his complaint, and I conclude that further amendments would be futile and cause undue delay.  My March 21, 2011 Opinion made clear that in the event plaintiff filed an Amended Complaint, he should clarify his allegations concerning his Union.

      As explained above, plaintiff's Amended Complaint does not provide sufficient factual allegations to support an inference that his union violated its duty of fair representation as required to sustain a claim under section 301 of the LMRA.

CONCLUSION

      For all the foregoing reasons, I grant defendant's motion to dismiss and dismiss Counts I and III of plaintiff's Amended Complaint with prejudice.