IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
JAMES W. SWAYNE,               )
                               )  Civil Action
            Plaintiff          )  No. 10-cv-03969
                               )
       vs.                     )
                               )
MOUNT JOY WIRE CORPORATION,    )
                               )
            Defendant          )
```

O R D E R

NOW, this 29th day of March, 2012, upon consideration of the Motion to Dismiss Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Document 34), together with a Memorandum in Support of Defendant's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to [sic] (Document 35), which  motion and memorandum were filed by defendant on May 24, 2011; upon consideration of Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which opposition was filed June 6, 2011 (Document 39); and for the reasons articulated in the accompanying Opinion,

IT IS ORDERED that defendant's motion to dismiss is granted.[1]

---

[1]   Defendant's motion to dismiss is granted to the extent that it seeks dismissal of plaintiff's Amended Complaint for failure to state a claim under section 301 of the Labor Management Relations Act, 29 U.S.C. §§ 141-187.

Because I grant defendant's motion to dismiss in this respect, I dismiss defendant's motion to dismiss as moot to the extent that it contends that: (1) plaintiff's claims are untimely; (2) Count I of plaintiff's Amended Complaint fails to state a claim for defamation under Pennsylvania and federal

(Footnote 1 continued):

IT IS FURTHER ORDERED that plaintiff's Amended Complaint is dismissed with prejudice.

IT IS FURTHER ORDERED that the Clerk of Court mark this case closed for statistical purposes.

BY THE COURT:

/s/ James Knoll Gardner
James Knoll Gardner
United States District Judge

---

(Continuation of footnote 1):

law; and (3) Count III of plaintiff's Amended Complaint is barred by the doctrine of collateral estoppel.